CLAIMANT:
**Ronald R. Brice**
c/o PO Box 1146
Kimberling City
Missouri

# district court of the United States for the District of Columbia

Article III Constitutional Jurisdiction

| | |
|---|---|
| **Ronald R. Brice**<br>One of the sovereign people constituent of Missouri as a member of the union of the several united States of America, AD 1789<br>       CLAIMANT<br><br>Vs<br><br>**John Snow**, BONDED FIDUCIARY (*inclusive of all successors and assigns*) of the office of SECRETARY OF THE TREASURY OF THE UNITED STATES;<br><br>And,<br><br>**Mark W. Everson**, BONDED FIDUCIARY (*inclusive of all successors and assigns*) of the office of COMMISSIONER OF INTERNAL REVENUE; and inclusive of:<br> **Walter H. Stanton** Agent #24-06-2516 of COMMISSIONER EVERSON; and,<br> **R. A. Mitchell**, Signatory Agent for Walter H. Stanton; and,<br> **Quixtar Inc.** and **Amway Corporation**, each a Michigan Corporation, as property seizure agent(s)<br>     RESPONDENT(S) | No.<br><br>06-1064RBW<br><br><br>*CLERKS ACTION REQUIRED:*<br>*Note for Motion*<br>_____, \_\_\_\_, 2007<br><br><br>**VERIFIED**<br>**MOTION AND MEMORANDUM FOR ENTRY OF SUMMARY JUDGMENT**<br><br>(in default)<br><br><br>**RECEIVED**<br>APR 1 3 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## FOR ACTION BY JUDICIAL OFFICER APPOINTED PURSUANT TO ARTICLE III OF THE CONSTITUTION:

COMES NOW THE CLAIMANT to present claims relating to the conduct of **John Snow**, BONDED FIDUCIARY (*inclusive of all predecessors, successors, and assigns*) of the office of SECRETARY OF THE TREASURY OF THE UNITED STATES; and, **Mark W. Everson**, BONDED FIDUCIARY (*inclusive of all predecessors, successors, and assigns*) of the office of COMMISSIONER OF INTERNAL REVENUE; and inclusive of **Walter H. Stanton** Agent #24-06-2516, and **R. A. Mitchell**, Signatory Agent for Walter H. Stanton and **Quixtar Inc.** and **Amway Corporation**, each a Michigan Corporation, as property seizure agent(s), as agent(s) for COMMISSIONER EVERSON, Respondents.

## VERIFICATION

| VERIFICATION CERTIFICATE |
|---|
| Missouri state )<br>) DECLARATION<br>____Stone____ county )<br>Declarant, Ronald R. Brice, states that Declarant is competent to be a witness and the facts presented in the instrument <u>to which this certificate is affixed</u> are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury.<br><br>____*[signature]*____         ____4/11/2007____<br>Declarant Signature                    Date |

## VENUE

Venue is proper at the District of Columbia as the primary office(s) and principal place of business of the Respondents are situated within the District of Columbia as an operation of law by act of Congress, July 30, 1947, ch. 389, 61 Stat. 643 (4 USC 72).

## JURISDICTION

The district court has jurisdiction as the action arises on a case or controversy under the constitution and laws of the United States pursuant to Article III of the Constitution for the several united States of America, A.D. 1789-1791.

26 USC 7421 specifically does not prohibit actions for determination of whether or not a party is a "taxpayer"; specifically does not prohibit actions for declaratory determination of whether or not any tax was actually assessed against a party for a given year(s); specifically does not prohibit actions for declaratory and/or injunctive remedies where there is no tax assessed.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Claimant has conducted a common law remedy proceeding as modified for the United States by Congress' enactment of the Administrative Procedures Act and inclusive of specific statutory

administrative procedures for implementation of the internal revenue laws of the United States as codified at Title 26, United States Code.

**The common-law /administrative record evidences that there is no tax due upon which collection activities could be lawfully executed.**

**The common-law /administrative record evidences that Claimant is NOT a "taxpayer" as that term is defined by the Internal Revenue Code, at least as to tax year(s) 2003.**

**The common-law /administrative record evidences that Claimant has not been assessed any tax, at least as to tax year(s) 2003.**

## FACTS

Claimant initiated a common-law (administrative) action to determine the foundation of tax claims made by the United States over a period of years. The Administrative Procedures Act, as congress implementation and modification of the common law, combined with congress special administrative procedures enacted for governing dealings relating to the Internal Revenue Code (IRC) procedurally guided the action. ***VERIFIED COPY ATTACHED AS EXHIBIT "A".***

Claimant discovered that the Commissioner of Internal Revenue, by agency of the Internal Revenue Service (IRS) had maintained unverified encrypted records, which upon decoding, appeared to evidence a privileged excise taxable within a federal territory upon which the alleged tax obligation is purported to have accrued.

Claimant then provided evidence (verified testimony) rebutting the unverified encrypted computer records. The administrative record set between the parties is incorporated herein by this reference and provides evidence that no privileged excise taxable activities, upon which a tax based on the income generated, were engaged in by Claimant.

Claimant further requested and demanded a copy of a 23-C assessment certificate evidencing assessment of a tax obligation against Claimant as provided by law.

Claimant has not been provided a copy of any 23-C assessment certificate as required by law.

The administrative record does not appear to evidence the entry of any 23-C assessment certificate into the record, and does not appear to evidence any Document Locator Number (DLN) assigned

to any 23-C assessment certificate.

There appears no judgment issued by any court determining that Claimant is a "taxpayer".

There appears no judgment issued by any court determining that Claimant has any tax obligation upon which a lien or levy could lie.

Public records filings and instruments delivered to Claimant by United States Mail evidence that Respondents have engaged in tax collection activities against Claimant.

Respondents' tax collection activities have resulted in publication of derogatory and defamatory reports against Claimant in an amount of more than Six Hundred Eighteen Thousand ($618,000.00) dollars.

## LAW

The law is clearly established:

> *REGULATIONS REQUIRE 23-C ASSESSMENT CERTIFICATE IF TAX IS DUE:*
>
> **Internal Revenue Manual**
>
> ***Account 6110 Tax Assessments***
>
> ***(2) All tax assessments must be recorded on Form 23C Assessment Certificate. The Assessment Certificate must be signed by the Assessment Officer and dated. The Assessment Certificate is the legal document that permits collection activity.***
>
> **Internal Revenue Manual**

> *Certification*
>
> *(1) All assessments must be certified by signature of an authorized official on Form 23-C, Assessment Certificate. A signed Form 23C authorizes issuance of notices and other collection action.*
>
> *(2) Some assessments are prescribed for expeditious action and may be certified on a daily basis. These assessments will require immediate preparation of Form 23C from RACS.*

STATUTES REQUIRE 23-C ASSESSMENT CERTIFICATE IF TAX IS DUE:

> *the 1954 and 1986 Internal Revenue Codes, §6201(a) authorizes the Secretary of the Treasury to make assessments. The method of recording such an administrative act is governed by §6203, which provides:*
>
> *"The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. <u>Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment</u>."*

THE COURTS HAVE CLEARLY ESTABLISHED THE REQUIREMENT OF A 23-C ASSESSMENT CERTIFICATE IF TAX IS DUE:

> <u>In Brafman v. United States, 384 F.2d 863</u> (5th Cir. 1967), there was also a demonstration of how tax assessments are executed upon Form 23-C. There, the government sought to attach liability for unpaid estate taxes to an heir of that estate under a transferee liability theory. But, Mrs. Brafman argued that she was not so liable because the assessment certificate relevant in that case was unsigned. In agreeing with that argument and holding the certificate at issue void, that court stated:
>
> *"The assessment certificate involved in this case, a photostated [sic] copy of which is in the record, is not signed by an assessment officer or by any other official. Since the certificate lacks the requisite signature, it cannot constitute a valid assessment," Id., at 865-66.*

*"Even the instructions on the reverse side of the assessment certificate, Form 23C, specify that the original form 'is to be transmitted to the District Director for signature, after which it will be returned to the Accounting Branch for permanent filing,'" Id., at 866.*

*"<u>What is important in any case is that assessment is not automatic upon recordation; it requires the action of an assessment officer. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate</u>," Id., at 867.*

*In Ianelli v. Long, 329 F.Supp. 1241, 1242 (W.D.Pa. 1971), that description of the various data was as follows: "The procedure for assessment provides, inter alia, that the assessment officer shall sign the summary record of assessments made against any tax payer, that said action, through supporting records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer. 26 U.S.C.A. § 301.6203-1, Code of Federal Regulations. <u>Since this procedure was not followed, the assessment is void and the executions based thereon are invalid.</u>"*

*In Robinson v. United States, 920 F.2d 1157, 1158 (3rd Cir. 1990), described the assessment process as: "A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. §6203; Treas. Reg. §301.6203-1."*

*Therefore, from the above authority, the documents which are executed in making an assessment are clearly known. First, the assessment is made on a Form 23-C. This assessment form may apply either to a single individual or a group. The supporting documentation for a Form 23-C is the assessment*

> *lists, which must contain (1) the identification of the taxpayer; (2) character of liability assessed; (3) taxable period, if applicable; and (4) amount of the assessment. <u>If these documents do not exist, the absence proves that there has been no assessment and consequently, no tax collection activities may be pursued.</u>*

In 1990, the Third Circuit re-affirmed the clearly established requirement of a 23-C as the form on which an assessment is made:

> **Robinson v. United States, 920 F.2d 1157, 1158 (3rd Cir. 1990)**
>
> *"A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. §6203; Treas. Reg. §301.6203-1."*
>
> *Therefore, from the above authority, the documents which are executed in making an assessment are clearly known. First, the assessment is made on a Form 23-C. This assessment form may apply either to a single individual or a group. The supporting documentation for a Form 23-C is the assessment lists, which must contain (1) the identification of the taxpayer; (2) character of liability assessed; (3) taxable period, if applicable; and (4) amount of the assessment. <u>If these documents do not exist, the absence proves that there has been no assessment and consequently, no tax collection activities may be pursued.</u>*

In 1992, the 23-C was again affirmed a requisite to collection activity:

> CURLEY v. U.S. 791 F. Supp 52 (E.D.N.Y. 1992)
>
> [5] Plaintiff relies heavily on Brafman v. United States, 384 F.2d 863 (5th Cir. 1967), where an

> assessment was invalidated due to the lack of a signature on the 23C Form. <u>This defect, however, was a significant violation of the regulation-</u>

The current IRS website (as of May 10, 2006) continues to reference, in the Internal Revenue Manual, the guide for IRS agents, the requisite for a 23-C assessment certificate:

> IRM 4.15.3.3   (06-30-1999)
>
> ~
>
> Service Center Action — The service center will process the assessment and notify the area of the DLN and **Form 23C**, Certificate of Assessment data. This information will be placed on Form 2644 and Form 2859.
>
> After the assessment is processed by the service center and the DLN and **23C** data has been placed on Form 2644 and Form 2859, the following items will be forwarded within one day to the service center Accounting Branch, Accounting and Control System, Journal and Ledger Unit.
>
> ~~~~~
>
> IRM 4.15.3.4   (06-30-1999)
> Confirming Assessment
>
> ~
>
> Follow-up will be done three weeks from the **23C assessment** date for non-statute assessments.
>
> ~
>
> IRM 4.4.17.2.1   (02-08-1999)
> Processing Procedures
>
> ~
>
> the DLN and **23C date**.

*The law is clearly established that even repeated demands for payment do not create a tax obligation.*

*The law is clearly established that it is the duty of a party dealing with a government official to make sure the official is acting within the scope of his authority.*

The law is clearly established in SCHULTZ I and SCHULTZ II, Schulz v. I.R.S., 395 F.3d 463 (2d Cir. 2005) that administrative issuances of the IRS have no force and effect of law, and that generally a party has no direct remedy to question or challenge such administrative issuances unless the IRS (acting by agency for the SECRETARY and COMMISSIONER) <u>first</u> goes to court to obtain judicial process to enforce their administrative demands.

### MEMORANDUM

The Administrative Procedures Act requires the court to accept the facts as appears in the administrative record as conclusive of the facts appearing in the administrative record.

The administrative record evidences that there is no Form 23-C assessment certificate relating to Claimant as to tax year **2003**.

The administrative record evidences that Claimant was not engaged in **2003** in any taxable activity upon which a tax may be assessed based upon the income generated.

The law is clearly established that absent a Form 23-C assessment certificate no tax collection activities may be lawfully pursued.

Claimant is injured in that his reputation and financial character have been slandered and defamed by the publication in public records false and unsubstantiated assertions of unpaid tax assessments.

Claimant is further injured in that parties who owe Claimant moneys as a matter of contract are refusing to tender Claimant his funds, and instead claim to be embezzling Claimants funds on behalf of Respondents based upon the false, unfounded, and unlawful "collection activity" presentments issued by Respondents.

## **JUDGMENT**

Claimant prays for summary judgment as a matter of law and the record:

1. Respondents have unlawfully engaged in tax collection activities against Claimant regarding

tax year(s) **2003**.

2. There is no Form 23-C assessment certificate for tax year(s) **2003**.

3. There is no judgment of any court determining that Claimant is a "taxpayer" for the year(s) **2003**.

4. Claimant is not a "taxpayer" as to Respondents' tax year **2003**.

5. Respondents' tax collection activities against Claimant relating to tax year(s) **2003** are unlawful and unfounded.

6. Respondents have a duty to correct any and all records of tax claim(s), obligation(s) and collection process relating to tax year(s) **2003**.

REMEDIES

Claimant prays the court provide the following remedies in law and equity:

7. ENJOIN Defendants from tax collection activities relating to tax years 2003 as unlawful.

8. ORDER restitution, within 30 days, from the Defendants, individually and severally for all property taken, retained, or otherwise seized as a result of the collection activity.

9. MANDATE vacation of all publicly accessible records of the collection activity;

10. ENJOIN the Defendants from any further collection activity relating to Claimant unless the Defendant first provide this court with evidence that it /they have provided Claimant a copy of a valid 23C assessment certificate, and any underlying evidence upon which the assessment is based if requested by Claimant, and a copy of a judgment by a court and judge exercising Article III constitutional judicial powers of the United States determining that Claimant is a taxpayer, and specifically identifying the fact and law upon which the determination is based.

11. Such other additional and /or supplemental remedy as may be appropriate in law and equity as determined by the court, sua sponte, or as may be requested by the claimant in the future.

Respectfully presented this 11th day of ~~March~~ April 2007. RRB

Ronald R. Brice
Claimant