IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD R. BRICE, <br><br> Plaintiff, <br><br> v. <br><br> JOHN SNOW, <br> Secretary of the Treasury <br> & <br> MARK W. EVERSON <br> Commissioner of Internal Revenue <br> & <br> WALTER H. STANTON <br> "Agent of Commissioner Everson" <br> & <br> R.A. MITCHELL <br> "Signatory Agent for Walter H. Stanton" <br> & <br> QUIXTAR INC. & <br> AMWAY CORPORATION <br> "Property Seizure Agents" <br><br> Defendants. | Case Number 1:06CV01064 |

**MOTION OF QUIXTAR INC. AND AMWAY CORP. FOR ENLARGEMENT OF TIME TO FILE MOTION TO DISMISS**

Quixtar Inc. ("Quixtar") and Amway Corporation ("Amway") hereby move, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, for an enlargement of time within which to serve and file their accompanying Motion to Dismiss the Complaint in this action. Defendants' undersigned counsel telephoned Plaintiff, who is not represented by counsel, seeking consent. Plaintiff did not consent.

As this motion for enlargement of time is being made after the specified period in which to respond, Plaintiff must show good cause and excusable neglect. Fed. R. Civ. Proc 6(b). In granting or refusing enlargements, the district court enjoys broad discretion. *Yesudian v. Howard Univ.*, 348 U.S. App. D.C. 145, 270 F.3d 969, 971 (D.C. Cir. 2001). The Court should grant this motion on the following grounds.

1.  This case involves Plaintiff's federal tax liability and is focused on alleged acts and omissions by officials and employees of the U.S. Treasury and Internal Revenue Service (hereinafter collectively referred to as "IRS"). As discussed more fully in Amway and Quixtar's Memorandum in Support of its Motion to Dismiss, the Complaint contains no comprehensible claim against Quixtar or Amway. Accordingly, Quixtar and Amway awaited a responsive pleading from the IRS, with the expectation that the IRS' response to the complaint allegations would clarify that Quixtar and Amway are not proper parties to this case, or might otherwise resolve the dispute between Plaintiff and the IRS. However, the IRS never answered the complaint. Plaintiff sought, and the Clerk has now entered, a default against the IRS, but not against Quixtar or Amway. Doc. 6. For over two months after entry of partial default, Plaintiff made no further visible effort to pursue the case.

2.  On April 13, 2007, the Clerk received a purported "Motion and Memorandum for Entry of Summary Judgment." Doc. 7. For the first time Plaintiff now purports to seek "restitution," a remedy not pled in the complaint. Quixtar and Amway wish to oppose this new claim, of which the original complaint gave no notice.

3.  There is no danger of prejudice to Plaintiff were the court to grant this motion. Prior to the April 13 "summary judgment" submission, Plaintiff has made little effort to prosecute this case since filing it nine months ago. Quixtar and Amway do not currently seek any

extension of time in which to oppose the April 13 "summary judgment" submission.[1] Granting this extension of time will not in any way impede Plaintiff's ability to challenge the IRS.

4. There will be no impact on judicial proceedings. None are scheduled; none have occurred apart from the Clerk's entry of default against the IRS. Granting this motion will not require the rescheduling of any pre-trial or trial dates or any other in-court matters.

5. Amway and Quixtar have acted in good faith by filing this motion. Waiting for the IRS to respond in hopes of clarifying this bizarre situation appeared to be the most reasonable initial approach. Since the IRS has elected not to respond at all, and Plaintiff now purports to seek remedies beyond those set forth in the complaint, a separate Motion to Dismiss by Quixtar and Amway appears to be the best course towards a just adjudication of this dispute.

Quixtar and Amway request an enlargement of time allowing them to file the accompanying Motion to Dismiss.

Respectfully submitted,

BRYAN CAVE LLP

By: _____
Jacob A. Kramer, D.C. Bar No. 494050
John C. Peirce, D.C. Bar No. 334391
700 Thirteenth Street, N.W., Suite 700
Washington, D.C. 20005-3960
Phone: (202) 508-6000
Fax: (202) 508-6200

**ATTORNEY FOR DEFENDANTS QUIXTAR INC. AND AMWAY CORPORATION**

Dated: April 19, 2007

---

[1] If the IRS were to enter an appearance and requested a further extension of time, Quixtar and Amway reserve their right to join in that request in the interest of efficient adjudication of this case.

## CERTIFICATION OF SERVICE

The undersigned, an attorney for Amway Corp. and Quixtar Inc., hereby certifies on April 19, 2007 that I caused a copy of the foregoing Motion for an Enlargement of Time to be served via United States mail, postage prepaid, on:

Ronald R. Brice

P.O. Box 1146

Kimberling City, MO 65686-1146

**PLAINTIFF**


A courtesy copy of the foregoing was also served by United States mail on:

Internal Revenue Service

Office of Chief Counsel

1111 Constitution Ave., NW

Washington, DC, 20224

**ATTORNEY FOR THE INTERNAL REVENUE SERVICE**


Dated: April 19, 2007

_____
P.J. Meitl