## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD R. BRICE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SNOW,<br>Secretary of the Treasury<br>&<br>MARK W. EVERSON<br>Commissioner of Internal Revenue<br>&<br>WALTER H. STANTON<br>"Agent of Commissioner Everson"<br>&<br>R.A. MITCHELL<br>"Signatory Agent for Walter H. Stanton"<br>&<br>QUIXTAR INC. &<br>AMWAY CORPORATION<br>"Property Seizure Agents"<br><br>Defendants. | Case Number 1:06CV01064 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS QUIXTAR INC. AND AMWAY CORPORATION

Quixtar Inc. ("Quixtar") and Amway Corporation ("Amway") are listed in the caption of this action and have been served with a Summons and Complaint; but the complaint does not mention any claim for relief against Quixtar or Amway. Plaintiff Ronald R. Brice ("Brice") has set forth purported claims for declaratory judgment and other equitable relief against several officers and employees of the United States Treasury Department and Internal Revenue Service (hereinafter collectively referred to as "IRS"). The dispute, if any, appears to involve a "23-C

assessment certificate" and a dispute as to Brice's 2003 tax liability.    There is no allegation that

Amway or Quixtar did anything that would give rise to any claim by Brice.

## A.  THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A motion to dismiss for failure to state a claim tests the legal sufficiency of the

complaint. *Browning v. Clinton*, 292 F. 2d 235, 242 (D.C. Cir. 2002). The facts within the

complaint are accepted as true for purposes of the motion. *Id.* Although *pro se* complaints are

held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*,

404 U.S. 519, 520 (1972), and the plaintiff is entitled to all favorable inferences that may be

drawn from his or her allegations, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), "a *pro se*

complaint, like any other, must present a claim upon which relief can be granted by the court."

*Henthorn v. Department of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (citation omitted); *Crisafi v.*

*Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

The complaint appears to dispute actions or failures to act by the IRS, but there is no

mention at all of Amway or Quixtar beyond the (incorrect) assertion that they are both Michigan

corporations.  Complaint at 2.  Indeed, the "Nature of the Case" section of the verified complaint

avers that "[t]he only questions before the court" involve the Secretary of the Treasury, the

Commissioner of Internal Revenue, and two named individuals alleged to be government agents

or employees.  Complaint at 5. A fair reading of the complaint is that Brice disputes the IRS'

position concerning Brice's federal income tax liability for calendar year 2003.  What possible

legal liability could Amway or Quixtar have to Brice if, as he avers, these are the "only questions

before the court"?

The only clue lies in the caption, where Quixtar and Amway are characterized as

"property seizure agents." Because most of the discussion involves IRS Form 23-C Assessment

Certificates, issued by the IRS to assess tax liabilities, Brice may be complaining that the IRS levied some property of Brice's that was in Quixtar's or Amway's possession. Only a mind-reader could tell for certain if this is why Brice listed Quixtar and Amway in the caption. However, even if the court were inclined to jump to such speculative conclusions, or if Brice were to amend the complaint to allege that Quixtar or Amway wrongfully complied with a federal tax levy, the complaint would still fail to state a triable claim against Quixtar or Amway. Property custodians are obligated to honor IRS levies. 26 U.S.C. §6331(a). If a custodian of property fails to comply with a levy, the custodian is subject to personal liability for the tax owed and to civil penalties. *Id.* § 6332(d). Concern about the tax assessment's validity and fear that the taxpayer will take legal action are not justifications for refusing to honor the levy. *United States v. First Nat'l Bank of Bellaire*, 1983 U.S. Dist. LEXIS 14691 (S.D. Tex. 1983). Even doubt about the levied property's ultimate ownership does not excuse honoring the levy. *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 724-25 (1985); 26 C.F.R. § 301.6332-1(c). Because of this, the property custodian is "discharged from any obligation or liability to the delinquent taxpayer . . . arising from such surrender or payment." 26 U.S.C. § 6332(e); *see also Nat'l Bank of Commerce*, 472 U.S. at 721.

The complaint should be dismissed as to Quixtar and Amway for failure to state a claim upon which relief can be granted.

## CONCLUSION

Quixtar and Amway respectfully move for an order dismissing the complaint.

Respectfully submitted,

BRYAN CAVE LLP

By: _____

Jacob A. Kramer, D.C. Bar No. 494050
John C. Peirce, D.C. Bar No. 334391
700 Thirteenth Street, N.W., Suite 700
Washington, D.C. 20005-3960
Phone: (202) 508-6000
Fax: (202) 508-6200

**ATTORNEY FOR DEFENDANTS AMWAY
CORPORATION AND QUIXTAR INC.**

Dated: April 19, 2007

## CERTIFICATION OF SERVICE

The undersigned, an attorney for Amway and Quixtar, hereby certifies that, on April 19, 2007, I caused a copy of the foregoing Memorandum in Support of Motion to Dismiss Amway Corporation and Quixtar Inc. to be served via United States mail, postage prepaid, on:

Ronald R. Brice

P.O. Box 1146

Kimberling City, MO 65686-1146

**PLAINTIFF**


A courtesy copy of the foregoing was also served by United States mail on:

Internal Revenue Service

Office of Chief Counsel

1111 Constitution Ave., NW

Washington, DC, 20224

**ATTORNEY FOR THE INTERNAL REVENUE SERVICE**


Dated: April 19, 2007

_____

P.J. Meitl