IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD R. BRICE, <br><br> Plaintiff, <br><br> v. <br><br> JOHN SNOW, <br> Secretary of the Treasury <br> & <br> MARK W. EVERSON <br> Commissioner of Internal Revenue <br> & <br> WALTER H. STANTON <br> "Agent of Commissioner Everson" <br> & <br> R.A. MITCHELL <br> "Signatory Agent for Walter H. Stanton" <br> & <br> QUIXTAR INC. & <br> AMWAY CORPORATION <br> "Property Seizure Agents" <br><br> Defendants. | Case Number 1:06CV01064 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants Quixtar Inc. ("Quixtar") and Amway Corporation ("Amway") hereby oppose the purported motion for summary judgment filed by Plaintiff Ronald R. Brice ("Brice").

**INTRODUCTION**

On April 13, 2007, the Clerk received a purported "Motion and Memorandum for Entry of Summary Judgment." Doc. 7. ("Summary Judgment Motion"). Much of the Summary Judgment Motion is indistinguishable from the Complaint but Brice now purports to add by motion a new claim for "restitution" from Amway and Quixtar, a remedy not pled in the

Complaint. Quixtar Inc. ("Quixtar") and Amway Corporation ("Amway") moved to dismiss the complaint on April 19, 2007. Doc. 8. Quixtar and Amway hereby oppose the Summary Judgment Motion.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The Summary Judgment Motion contains no statement of material facts as to which Brice contends there is no genuine issue. As discussed below, this is a fatal deficiency and not some "technicality" for which a *pro se* plaintiff deserves leniency. The Summary Judgment Motion, like the Complaint, fails to mention *any* factual link between Quixtar or Amway and Brice or the other defendants. Quixtar and Amway would dispute each fact (if there were any) in the Summary Judgment Motion that might support a claim by Brice against Quixtar or Amway.

## LEGAL STANDARD

To prevail on a motion for summary judgment, the moving party must demonstrate the absence of any genuine issue of material fact and that movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *see Washington Post Co. v. United States Dep't of Health & Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).

## ARGUMENT

The Court should deny the Summary Judgment Motion on any or all of at least four independent grounds. First, Brice has failed to comply with this Court's rules by failing to identify *any* purportedly undisputed material facts. Second, by failing to allege facts (disputed or

not) that could conceivably impose liability on Quixtar or Amway, Brice has failed to meet his burden of establishing that he is entitled to judgment as a matter of law against Quixtar or Amway. Third, even if Brice had alleged that Quixtar or Amway cooperated with the IRS, these defendants would still be protected as a matter of law by statutes that immunize property holders from liability for cooperating when the IRS seeks to collect on a levy. Fourth, Brice is trying to pursue claims in the Summary Judgment Motion that he did not even mention in the complaint. The Court should not allow even *pro se* plaintiffs to add in a motion claims of which the complaint gives no notice. The Court should deny the Summary Judgment Motion for all these reasons.

### A. BRICE PROVIDED NO STATEMENT OF UNDISPUTED MATERIAL FACTS.

Brice has failed to accompany the Summary Judgment Motion with a statement of material facts as to which Brice contends there is no genuine issue, as required under the Local Rules of this court. LCvR 7(h) states that "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." Brice's only mention of facts occurs in a section entitled "Facts." Summary Judgment Motion at 4-6. This section does not even mention Quixtar or Amway. There are no references to the record or to any evidentiary support; only the *ipse dixit* of the Complaint and Summary Judgment Motion. *See* LCvR 7(h).

Failure to include a statement of undisputed material facts is grounds for denying a summary judgment motion. *Vercillo v. Paul Revere Life Ins. Co.*, 1998 U.S. Dist. LEXIS 8753 (N.D.N.Y. 1998) ("where a party fails to submit such a statement, the motion for summary judgment shall be denied") (internal citations omitted); *NBA Properties v. YMG, Inc.*, 1993 U.S. Dist. LEXIS 15864 (N.D. Ill. 1993) (one "reason for denying summary judgment" was

respondent's failure to include "any facts that would entitle it to summary judgment"). Brice is not entitled to special treatment in this regard because he has decided to represent himself. The Court has no duty to hunt for facts in the Complaint or Summary Judgment Motion. This court has found that "*pro se* litigants are entitled to no special treatment." *Abell v. Wang*, 697 A.2d 796, 805 (D.C. 1997). While "a *pro se* litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forego expert assistance." *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983). The Court should deny Brice's Summary Judgment Motion.

## B. BRICE FAILED TO PROFFER *ANY* ALLEGED FACTS THAT IMPLICATE QUIXTAR OR AMWAY

Before this Court could grant even partial summary judgment in Brice's favor, it would first have to conclude that Brice would be entitled to judgment as a matter of law based on undisputed facts. *Underwater Storage, Inc. v. United States Rubber Co.*, 371 F.2d 950, 953 (1966), *cert. denied*, 386 U.S. 911 (1967). Brice has failed to allege *any* facts involving Quixtar or Amway that could be material to any claim for relief. The Complaint seems to refer to a dispute with the IRS concerning Brice's federal income tax liability for calendar year 2003. Brice discusses the failure of Defendants (without identifying which defendants in particular) to issue a 23C Assessment Certificate and the lack of a judgment finding Brice to be a taxpayer. Brice does not expressly identify any factual connection between Quixtar or Amway and Brice's dispute with the IRS. The only clue as to why Brice has included Amway and Quixtar in this litigation can be found in the caption, where Quixtar and Amway are characterized as "property seizure agents." The Court's "duty to be 'less stringent' with *pro se* complaints does not require [the Court] to conjure up unpled allegations." *District of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 660 (D.C. 2005) (*citing McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (internal

citations omitted)). Identifying the party liable for a particular wrong is "one of the most fundamental requirements for an adequately pleaded claim." *Beretta*, 872 A.2d at 660. The Court should deny Brice's Summary Judgment Motion as to Quixtar and Amway.

### C. QUIXTAR AND AMWAY'S COOPERATION WITH THE IRS IS IMMUNIZED UNDER 26 U.S.C. § 6331(A).

Brice seems to believe that the IRS wrongfully levied his property, although he fails to identify the property seized or facts surrounding the seizure. The IRS is authorized to levy property held by a custodian to satisfy a taxpayer's outstanding obligations. 26 U.S.C. § 6331(a). A property custodian is obligated to honor an IRS levy. *Id.* § 6332(a). Failing to do so subjects the property custodian to personal liability for the tax owed and to civil penalties. *Id.* § 6332(d). Inasmuch as Brice alleges Quixtar and Amway were property custodians, there is no basis for Brice to assert any claim against either corporation. There are only two circumstances where a property custodian is permitted not to comply with an IRS levy: 1) if the custodian does not possess the property or rights to the property belonging to the taxpayer, or 2) if the taxpayer's property is subject to a prior judicial attachment or execution. *Id.* at § 6332(a). Concern about the tax assessment's validity and fear that the taxpayer will take legal action are not justifications for refusing to honor the levy. *United States v. First Nat'l Bank of Bellaire*, 1983 U.S. Dist. LEXIS 14691 (S.D. Tex. 1983). Even doubt about the levied property's ultimate ownership does not excuse honoring the levy. *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 724-25 (1985); 26 C.F.R. § 301.6332-1(c). Because of this, the property custodian is "discharged from any obligation or liability to the delinquent taxpayer . . . arising from such surrender or payment." 26 U.S.C. § 6332(e); *see also Nat'l Bank of Commerce*, 472 U.S. at 721. This is an additional ground on which to deny the Summary Judgment Motion – and, indeed, to dismiss the Complaint – as to Quixtar and Amway.

### D. THE COURT SHOULD NOT CONSIDER A REQUEST FOR RELIEF NOT SOUGHT IN THE COMPLAINT

The Summary Judgment Motion seeks to add a claim for relief that was not even mentioned in the Complaint: "restitution, within 30 days, from the Defendants, individually and severally for all property taken, retained, or otherwise seized as a result of the collection activity." Summary Judgment Motion at 13. Although Brice has not identified the property taken, the value of the property, any facts about the "collection activity", or any legal basis for the relief sought, he is asking for a mandatory injunction requiring Quixtar and Amway to restore the undefined property within a month. If such a claim were included in the Complaint it could be dealt with under Rule 12. Requests for relief must be pled in the Complaint and cannot be raised in later motions. *Metro Ambulance v. Eastern Med. Billing*, 1995 Del. Ch. LEXIS 84 (Del. Ch. 1995) (a court "cannot consider requests for relief that appear only as an afterthought but not in the original complaint").

### CONCLUSION

The Summary Judgment Motion should be denied.

Respectfully submitted,

BRYAN CAVE LLP

By: _____
Jacob A. Kramer, D.C. Bar No. 494050
John C. Peirce, D.C. Bar No. 334391
700 Thirteenth Street, N.W., Suite 700
Washington, D.C. 20005-3960
Phone: (202) 508-6000
Fax: (202) 508-6200

**ATTORNEY FOR DEFENDANTS AMWAY CORPORATION AND QUIXTAR INC.**

Dated: April 24, 2007

## CERTIFICATION OF SERVICE

The undersigned, hereby certifies that, on April 24, 2007, I caused a copy of the foregoing Defendants Memorandum of Law in Support of its Opposition to Plaintiff's Motion for Summary Judgment Amway Corporation and Quixtar Inc. to be served via United States mail, postage prepaid, on:

Ronald R. Brice

P.O. Box 1146

Kimberling City, MO 65686-1146

**PLAINTIFF**


A courtesy copy of the foregoing was also served by United States mail on:

Internal Revenue Service

Office of Chief Counsel

1111 Constitution Ave., NW

Washington, DC, 20224

**ATTORNEY FOR THE INTERNAL REVENUE SERVICE**


Dated: April 24, 2007

_____
P.J. Meitl