UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD BRICE,<br><br>               Plaintiff,<br><br>v.<br><br>JOHN SNOW, et al.,<br><br>               Defendants. | Civil Action No. 06-1064 (RBW) |

**MEMORANDUM OPINION**

The plaintiff, proceeding pro se, initiated this action on June 8, 2006, pursuant to 26 U.S.C. §§7421, 7433 (2000)[1] and the Administrative Procedure Act, 5 U.S.C. §§701 (2000), alleging that the defendants "engaged in tax collection activities resulting in the seizure of property belonging to [the] claimant and publication of derogatory public records against [the] claimant." Complaint ("Compl.") at 4. Specifically, the plaintiff asserts that he "is not a 'taxpayer' . . . [for] tax year 2003," id. at 15, and therefore the defendants "tax collection activities against [the plaintiff] relating to tax year . . . 2003 are unlawful and unfounded," id.

On February 2, 2007, the plaintiff filed a motion for a default against defendants John Snow, Mark Everson, R.A. Mitchell, and Walter Stanton ("collectively federal defendants") because they "failed to appear or answer [his complaint] within the time allowed by law . . . ." Motion to the Clerk for Entry of Default as to Respondents Snow, Everson, Stanton, and Mitchell

---

[1] 26 U.S.C. § 7433 permits a taxpayer to sue for review of a determination by the Internal Revenue Service ("IRS") when either: (1) the IRS has issued a determination letter on a taxpayer's claim for damages or (2) more than six months has elapsed after the taxpayer filed an administrative claim for damages. See 26 C.F.R. § 301.7433-1(d)(1); Lindsey v. United States, 448 F.Supp.2d 37, 53 (D.D.C. 2006).

("Pl.'s Mot. for Default") at 1. The plaintiff submitted to the Court affidavits from Brandon Snesko and B. Tony Snesko of 1-800-SERVE-EM indicating that defendant Snow was served with process on September 12, 2006 and defendants Everson, Stanton, and Mitchell were served on September 14, 2006. Id., Exhibit ("Ex.") 1(Affidavits of Authorized Service) at 2, 4, 6-7. Thereafter, on February 5, 2007, the Clerk of Court entered defaults against defendants Snow, Everson, and Stanton. Docket Entries #6-7, Clerk's Entry of Default dated February 5, 2007.[2]

Currently before the Court is the Federal Defendants' Motion to Vacate Entry of Default.[3] Federal Defendants' Motion to Vacate Entry of Default ("Defs.' Mot."). For the following reasons the defendants' motion is granted.

## I. STANDARD OF REVIEW

When a defendant fails to properly defend against a case or otherwise engages in dilatory tactics, the plaintiff may invoke the court's power to enter a default judgment by first seeking the entry of a default. See Fed.R.Civ.P. 55(a); Peak v. District of Columbia, 236 F.R.D. 13, 14-15 (D.D.C.2006) (citing Keegel v. Key W. & Caribbean Trading Co., 627 F.2d 372, 375 n.5 (D.C.Cir.1980)); see also, Jackson v. Beech, 636 F.2d 831, 836 (D.C.Cir.1980) ("The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."). The Federal Rules of Civil Procedure provide

---

[2] It does not appear from the record that the Clerk of Court entered a default against defendant Mitchell. Clerk of Court Entry of Default dated February 5, 2007. Nevertheless, defendant Mitchell apparently believes that he too had a default entered against him since he has also requested relief from a default.

[3] The defendants filed their motion on May 9, 2007, along with their Memorandum in Support of Federal Defendants' Motion to Vacate Entry of Default ("Defs.' Mem."). Defendants Snow, Everson, Stanton, and Mitchell filed their Motion to Vacate Entry of Default on May 9, 2007. The plaintiff has never filed a response to this motion. Nevertheless, the Court will address the merits of the motion.

for the entry of a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed.R.Civ.P. 55(a). Once the clerk enters the default pursuant to Rule 55(a), Rule 55(b) authorizes either the clerk or the court to enter a default judgment against the defendant. Id. at 55(b).

Courts do not favor default judgments and will only resolve cases in this manner "when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." Peak, 236 F.R.D. at 15 (quoting Jackson, 636 F.2d at 836 (citation omitted)). Accordingly, "[c]ases should be decided upon their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.1986) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985); see Peak, 236 F.R.D. at 15 (acknowledging the inherent unfairness of awarding judgment against a party for mere filing delays and not deciding the case on its merits).

## II.  LEGAL ANALYSIS

The federal defendants request that the Court vacate the Clerk of Court's entry of defaults against them on the grounds that "the defaults [were] improvidently entered because, prior to requesting entry of default[s], [the] plaintiff failed to properly serve the defendants, and [the] plaintiff failed to exhaust his administrative remedies." Defs.' Mot. at 1. Specifically, as to their service of process challenge, the federal defendants assert that the "[p]laintiff failed to properly serve the federal defendants, who are being sued in their official capacities, because the United States Attorney's Office and the Attorney General were not served." Defs.' Mem. at 1. And regarding their exhausting argument, the defendants contend that "[t]his Court does not have

3

jurisdiction over [the] plaintiff's [26 U.S.C. §] 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service." Id. at 4.

Federal Rules of Civil Procedure 4(i)(2)(A) provides:

> Service on an agency . . . of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

Under Federal Rules of Civil Procedure 4(i)(1), the officers and employees of the Department of the Treasury and Internal Revenue Service must be served by:

> (A) . . . delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or . . . by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia; and (C). . . by sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed.R.Civ.P. 4(i)(1).

Here, the plaintiff failed to properly serve defendants Snow, Everson, Stanton, and Mitchell. An examination of the record and the plaintiff's affidavits submitted in support of his position that service was properly effected, reveal that the plaintiff did not mail a copy of the summons and complaint via certified mail to the Attorney General and the United States Attorney for the District of Columbia . Pl.'s Mot. for Default, Ex. 1 (Affidavits of Authorized Service) at 2, 4, 6-7. Instead, the plaintiff only purportedly served the defendants individually. A pro se litigant, like any other litigant, must comply with the Federal Rules of Civil Procedure. See McCreary v. Heath , No. 04-00623, 2005 WL 975736, at *1 n.5 (D.D.C. April 22, 2005); Jarrell v. Tisch, 656 F.Supp. 237, 239

(D.D.C.1987). It is clear that the plaintiff's service of the federal defendants was defective.

"[S]trong policies favor the resolution of genuine disputes on their merits," Capital Yacht Club v. Aviva, 228 F.R.D. 389, 393 (D.D.C. 2005) (citing Jackson, 636 F.2d at 836), and under Federal Rule of Civil Procedure 55(c) a court has discretion to set aside entry of defaults a for "good cause shown," Fed.R.Civ.P. 55(c). In assessing whether good cause has been demonstrated, courts are directed to consider (1) "whether the default is willful," (2) "whether the defendant has presented a meritorious defense," and (3) "whether the plaintiff would suffer substantial prejudice by a decision to set aside the default," Whelan v. Abell, 48 F.3d 1247, 1259 (D.C.Cir.1995); Jackson, 636 F.2d at 836. All of these factors weigh in favor of a finding by this Court that the defaults entered against the defendants must be vacated.

First, the federal defendants' failure to timely file an answer was not willful, but rather attributable to the plaintiff having failed to properly effect service of process. Second, setting aside the defaults will not substantially prejudice the plaintiff. "[D]elay in and of itself does not constitute prejudice [.]" KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 15 (1st Cir.2003) (noting that "in the context of a Rule 55(c) motion, delay in and of itself does not constitute prejudice. The issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion.") (internal quotations omitted); see also Keegel, 627 F.2d at 374 (stating that the fact that "setting aside the default would delay satisfaction of plaintiffs' claim, should plaintiffs succeed at trial, is insufficient to require affirmance of the denial."). Because the instant action is at an early stage in the litigation, setting aside the defaults will not result in significant delay resulting in a loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion. Finally, the defendants have

established good cause for vacating the defaults, having shown that they have a meritorious defense.

In their motion, the defendants assert that the "Court does not have jurisdiction over [the] plaintiff's section 7433 claim because he failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service." Defs.' Mem. at 4. "In determining the existence of a meritorious defense, likelihood of success is not the measure." Asia N. Am. Eastbound Rate Agreement v. BJI Indus., Inc., 900 F.Supp. 507, 511 (D.D.C.1995) (citing Keegel, 627 F.2d at 374). Rather "[a party's] allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven, would constitute a complete defense." Id. (citations omitted). Although a jurisdictional challenge does not go to the merits of a lawsuit, a jurisdictional challenge is a sufficient basis for vacating the defaults. Martens v. U.S., Civil Action No. 05-1805, 2007 WL 1214576, at *2 n.1 (D.D.C. Feb. 14, 2007) (finding "the government's jurisdictional argument as an attempt to demonstrate the existence of a valid defense. . . ."). Here, the federal defendants challenge the filing of this action on jurisdictional grounds. Defs.' Mem. 3-8. However, this Court has found that the plaintiff's section 7433 exhaustion requirement is non-jurisdictional in nature and is primarily an affirmative defense. Shane v. United States, Civil Action No. 07-577, 2008 WL 101739, at **6-7 (D.D.C. Jan. 9, 2008) (holding that under Jones v. Bock, 549 U.S. 199 (2007), "exhaustion of administrative remedies is not an element of the plaintiff's claim under section 7433, 'but rather is an affirmative defense . . . .'"). Despite this finding, the Court concludes that the clerk's entry of the defaults must nonetheless be vacated because the plaintiff failed to properly serve the defendants with his complaint and the summons. Romashko v. U.S., Civil Action No. 05-2209, 2007 WL 2908754, at *7 n.6 (D.D.C. Sept. 30, 2007) (finding that although the plaintiff's 26 U.S.C. §7433(d)'s exhaustion requirement is non-jurisdictional in nature, this conclusion does not require

the reinstatement of the previously entered default, because the default was vacated due to the plaintiff's failure to properly serve the defendant.). Accordingly, the clerk's entry of the defaults must be vacated.

### III.  CONCLUSION

For the foregoing reasons, the federal defendants' Motion to Vacate Entry of Default is granted.[4]

**SO ORDERED.**

/s/_____
Reggie B. Walton
United States District Judge

---

[4] If a party has not complied with the service of process requirements of Rule 4, the Court, by motion or on its own initiative, has the power to either dismiss the plaintiff's claims or "direct that service be effected within a specified time." Fed.R.Civ.P. 4(m); see Wilson v. Prudential Fin., 332 F.Supp.2d 83, 89 (D.D.C. 2004) (court exercised its discretion and ordered the plaintiff to remedy the defective service rather than dismissing the claim where there was no indication that allowing the plaintiff to perfect service would unduly prejudice the defendant); see also Lindsey v. U.S., 448 F.Supp.2d 37, 47 n.6 (D.D.C. 2006) (". . . the rules governing service of process should not be enforced with draconian rigidity where courts have not first informed pro se plaintiffs of the consequences of failing to effect proper service and where defendants are in no material way prejudiced by a minor defect in the manner in which service of process was attempted."). Here, justice is best served by directing the plaintiff to perfect service and then file with the Court appropriate affidavits demonstrating that proper service was achieved. By proceeding in this manner, this Court does not mean to suggest that it condones the plaintiff's failure to properly serve the federal defendants or prove that proper service was effected as required by Rule 4. See Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir.1987) (explaining that proper service "is not some mindless technicality"); BPA Int'l, Inc. v. Kingdom of Sweden, 281 F.Supp.2d 73, 84 (D.D.C.2003) ("Proper service is essential for the court to exercise power over a party.") (internal quotation omitted). However, dismissing the plaintiff's case at this junction would potentially subvert justice and unfairly prejudice the plaintiff, while on the other hand, the federal defendants will not be prejudiced by affording the plaintiff the opportunity to comply with Rule 4.

The federal defendants have filed a Motion to Dismiss the instant action on grounds unrelated to the insufficient service of process challenge. Because the Court cannot exercise personal jurisdiction over the federal defendants before they are properly served, their Motion to Dismiss will be **DENIED WITHOUT PREJUDICE**. Defendants Snow, Everson, Mitchell, and Stanton may refile this motion after the plaintiff has properly effected service of process on them.

An order consistent with the Court's rulings in this Memorandum Opinion has been issued contemporaneously with this opinion.